[Cite as *Delaware Cty. Job & Family Servs. Dept. v. Bagby*, 2011-Ohio-3812.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DELAWARE COUNTY DJFS

      Plaintiff-Appellee

-vs-

DENA J. BAGBY

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 11 CAF 01 002


O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 10-09-2151-01/02-c |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 1, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

KATHERYN MUNGER
ASSISTANT PROSECUTOR
140 North Sandusky Street
Delaware, Ohio  43015

Guardian ad Litem for Minors

JENNIFER MYERS
THOMAS & COMPANY, LPA
163 North Sandusky Street, Suite 103
Delaware, Ohio  43015

For Defendant-Appellant Mother

PAMELLA A. LAMMON
103 North Union Street
Suite D
Delaware, Ohio  43015

*Wise, J.*

{¶1}    Appellant-Mother Dena J. Bagby appeals the decision of the Delaware County Court of Common Pleas, Juvenile Division, which found her minor child, D.J., born in February, 2010, to be dependent under R.C. 2151.04(C). The relevant facts leading to this appeal are as follows.

{¶2}    This case was initiated by Appellee Delaware County Department of Job and Family Services ("DJFS") on September 9, 2010, when a complaint for neglect and dependency was filed in the Delaware County Juvenile Court. The complaint involved appellant-mother's two children, L.B. and D.J., and was based primarily upon concerns about appellant's mental health, as further analyzed infra.

{¶3}    On November 22, 2010 an evidentiary hearing was held on the complaint. The trial court issued a judgment entry which was journalized on December 1, 2010. The court therein dismissed the complaint for neglect and dependency involving appellant's older child, L.B., and dismissed the complaint for neglect and that portion of the dependency complaint filed under 2151.04(B) regarding the younger child, D.J. However, the court found dependency under 2151.04(C) had been proven by clear and

convincing evidence regarding D.J. The court proceeded to disposition and awarded temporary custody of D.J. to her father, Christopher Jordan, who is now living separate and apart from appellant.

{¶4}    On January 3, 2011, Appellant-Mother filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶5}    "I.    WHETHER THE JUDGMENT OF THE TRIAL COURT WAS AN ABUSE OF DISCRETION WHEN IT FOUND [D.J.] DEPENDENT UNDER R.C. 2151.04(C).

{¶6}    "II.    WHETHER THE JUDGMENT OF THE TRIAL COURT FINDING [D.J.] DEPENDENT UNDER R.C. 2151.04(C) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I., II.

{¶7}    In her First and Second Assignments of Error, Appellant-Mother contends the trial court erroneously adjudicated D.J. a dependent child under R.C. 2151.04(C). We disagree.

{¶8}    Pursuant to R.C. 2151.35(A), a trial court must find that a child is an abused, neglected, or dependent child by clear and convincing evidence. *In re Kasper Children* (June 30, 2000), Stark App.No. 1999CA00216.  As a general rule, the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10,

1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 281, 376 N.E.2d 578.

{¶9} Included in the Ohio statutory definition of a "dependent child" under R.C. 2151.04 is any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." R.C. 2151.04(C).

{¶10} The record in the case sub judice indicates that Delaware County DJFS was first referred to appellant's family in February 2010, shortly after the birth of D.J. The first referral focused on concerns with the proper care of D.J., who during birth had been injured and needed to have her arm pinned against her clothes. The department's concern was that appellant had allowed the child's arm to remain unpinned at various times. The investigative caseworker, Julie Showalter, later classified the referral as unsubstantiated and indicated that the child's arm had healed. See Tr. at 20-21. There was further concern that due to her pregnancy and desire to nurse D.J. after birth, appellant had gone off her mental health medications. There were also concerns about appellant holding the infant and falling asleep and that there were cats in the house that could access the crib.

{¶11} The second referral DJFS received regarding appellant's care of D.J. occurred in July 2010. The concerns were that appellant was not taking her medication, that she had thrown clothing owned by D.J.'s father into a pond and had thrown a bowl of cereal across the room while the children were present.

**{¶12}** The third referral involved concerns about appellant's compliance with taking medication, as well as an incident where appellant had taken the baby into the woods and kept her there at night. Delaware County DJFS thereupon recommended temporary removal of both L.B. and D.J. from appellant's custody due to concerns about the continued instability of appellant-mother's mental health. See Complaint, September 9, 2010.

**{¶13}** Appellant presently contends that there were significant gaps in the agency's proof of these referrals, and she maintains that there have always been secondary caregivers involved in providing care for the children. However, the record is replete with evidence that appellant's failure to take her medications had led to repeated instances of angry or violent outbursts and volatile, bizarre behaviors unsuitable for parental coping with an infant. Appellant would "go off" in front of the children and would be very difficult to calm down, requiring warnings that law enforcement would be summoned. By the time of the adjudicatory hearing, appellant had been hospitalized for mental health reasons six times. Appellant had expressed her belief that people were watching her through the television set. She has demonstrated questionable decision-making skills and has acted out by biting at adult family members. On several occasions, she failed to re-diaper the baby after changing her, leading in one instance to the baby defecating on appellant inside a restaurant. In regard to the incident of taking D.J. into the woods at night, appellant told people either that she feared the father killing her or that it was an attempted cure for the baby's constipation.

**{¶14}** Upon review, we are not inclined to disturb the evidentiary determinations of the trial court as the fact finder in this instance, and we hold the evidence presented supports the conclusion that D.J. is a dependent child under R.C. 2151.04(C).

**{¶15}** Appellant's First and Second Assignments of Error are therefore overruled.

**{¶16}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0707

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DELAWARE COUNTY DJFS                    :
                                        :
    Plaintiff-Appellee                  :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :

DENA J. BAGBY                            :

                                              :

        Defendant-Appellant            :               Case No. 11 CAF 01 002

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is affirmed.

Costs assessed to appellant.

                                          _____

                                          _____

                                          _____

                                                  JUDGES